**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CIRCLEVILLE-PICKAWAY**
**CORPORATION,**
        **Plaintiff,**

        **v.**

**THE MACINTOSH**
**COMPANY, LLC,** *et al.*,
        **Defendants.**

        **Case Number 2:24-cv-2363**
        **Judge Edmund A. Sargus, Jr.**
        **Magistrate Judge S. Courter M. Shimeall**

**ORDER**

This matter is before the Court on Plaintiff Circleville-Pickaway Corporation's Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Enforce This Court's Opinion and Order Dated June 6, 2024 (ECF No. 56) and the Parties' supplemental briefs on the issue of arbitration in response to a Court order (ECF Nos. 62–64). The Court held a Telephone Status Conference regarding the arbitration issue on June 26, 2026, and ruled that this dispute must be resolved through arbitration. (ECF No. 66.) This Order memorializes the Court's ruling at the Telephone Status Conference.

In June 2024, the Court stayed this case pending arbitration in accordance with the arbitration provisions contained in the leases at issue. (ECF No. 34.) In January 2026, the Parties notified the Court that they reached a settlement and, as a result, the arbitration was closed. (ECF No. 43.) The Parties executed a Settlement Term Sheet, agreeing that the lease shall end on June 30, 2026, and Defendant The Macintosh Company, LLC will "provide good faith cooperation to transition licensure of Pickaway Manor to a new operator at the end of the revised lease term." (ECF No. 56-1, PageID 422, ¶¶ 1, 6.) The Settlement Term Sheet also designated Ms. Peggy Foley-Jones as the "sole arbitrator of any dispute related to the terms of the final settlement agreement and all other matters related to this case." (*Id.* PageID 422, ¶ 8.)

Since then, the Parties have filed joint status updates outlining numerous disputes that have arisen out of the transition. (ECF Nos. 48, 50, 54.) On June 18, 2026, Circleville filed the instant motion for temporary restraining order, arguing that Defendants are in violation of the Court's June 2024 Order, the leases, and the settlement agreement. (ECF No. 56.) Defendants oppose the motion. (ECF No. 59.) Ms. Peggy Foley-Jones has declined to arbitrate this dispute. (ECF No. 56, PageID 405; ECF No. 56-1, PageID 476.) The Court ordered supplemental briefing and held a Telephone Status Conference on whether the dispute must be resolved in arbitration. (ECF Nos. 62–66.)

Under Section 5 of the Federal Arbitration Act ("AAA"), a court shall appoint an arbitrator if the parties' chosen arbitrator or forum is unavailable:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or *if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator* or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein.

9 U.S.C. § 5 (emphasis added). The court, however, cannot appoint a new arbitrator if the parties' choice of an arbitrator "is an integral part of the agreement to arbitrate, rather than an ancillary logistical concern." *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (internal quotations omitted); *see also Straub v. Citifinancial Auto Credit, Inc.*, No. 2:10-cv-620, 2011 WL 587291, at *3 (S.D. Ohio Feb. 9, 2011); *Adler v. Dell Inc.*, No. 08-cv-13170, 2009 WL 4580739, at *2 (E.D. Mich. Dec. 3, 2009).

At the Telephone Status Conference, the Court heard arguments from each side. (ECF No. 66.) Plaintiff argued that the Parties specifically named Ms. Foley-Jones as the arbitrator

because of her prior involvement and knowledge of the case. (*Id.*) Defendants argued that selecting Ms. Foley-Jones was ancillary to the agreement to arbitrate. (*Id.*) After considering the arguments, the Court concluded that Ms. Foley-Jones, though qualified and experienced, does not have specialized knowledge of the Parties' dispute such that she is an integral part of the Parties' agreement to arbitrate. Accordingly, the Court **ORDERED** the Parties to submit their dispute to arbitration. (*Id.*)

To preserve the status quo, Defendants' counsel assured the Court at the Telephone Status Conference that Defendants are prepared to continue operating Pickaway Manor until the dispute can be resolved, with the understanding that the Court may revisit the matter at a later time, if necessary. (ECF No. 66.)

After the Telephone Status Conference, the Parties conferred and agreed to submit the dispute to Magistrate Judge S. Courter M. Shimeall for arbitration. The Parties shall contact Magistrate Shimeall's chambers at Shimeall_Chambers@ohsd.uscourts.gov or (614) 719-3460 to coordinate the arbitration.

Because the dispute will be resolved through arbitration, (ECF No. 56) Plaintiff Circleville-Pickaway Corporation's Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Enforce This Court's Opinion and Order Dated June 6, 2024 is **DENIED without prejudice**. The Evidentiary Hearing scheduled for June 29, 2026 (ECF No. 61) is **VACATED**.

This case remains open.

**IT IS SO ORDERED.**

6/26/2026          /Edmund a. Sargus, Jr.
DATE               EDMUND A. SARGUS, JR.
                   UNITED STATES DISTRICT JUDGE