**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CIRCLEVILLE-PICKAWAY CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE MACINTOSH COMPANY, LLC, *et al.*,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 2:24-cv-2363**<br>**Judge Douglas R. Cole**<br>**Magistrate Judge S. Courter M. Shimeall** |

# ORDER

On October 13, 2026, the Court ordered the parties to submit a joint proposal addressing the procedures and logistics for an evidentiary hearing on discrete disputed issues in the parties' Briefs (ECF Nos. 72, 73, 74, 75). (ECF No. 77.) After consideration of the parties' joint proposal, the Court **ORDERS** as follows:

## I. HEARING DATE AND SCOPE

The Court **SETS** an in-person evidentiary hearing for **November 10, 2026, at 9:00 a.m.**, at the Joseph P. Kinneary U.S. Courthouse, Courtroom 220, 85 Marconi Boulevard, Columbus, Ohio, 43215.

The hearing **SHALL** be limited in scope to the following issues:

1. Whether any operational transition measures are necessary to maintain Pickaway Manor's licensure through the transfer to a new operator, and, if so, what those measures are;
2. Whether, before ELC withdrew from the proposed transaction, Defendants communicated to ELC that they would not assign their Medicare provider number and agreement;

3. Whether the parties continue to intend to transfer operation of Pickaway Manor to a new operator, including ELC, and, if so, the anticipated timeline for that transition, assuming timely regulatory approval of the new operator;

4. Whether CPC or any prospective new operator is willing to purchase any or all of Defendants' furniture, fixtures, and equipment ("FF&E") and, if so, which items; and

5. Whether Defendants continue to seek removal of their FF&E, and, if so, what would constitute a reasonable timeline for removal that would not disrupt Pickaway Manor's operations, assuming timely regulatory approval of a new operator.

## II. PRE-HEARING SUBMISSIONS AND DEADLINES

The parties **SHALL** comply with the following schedule:

| **Date** | **Event / Deadline** |
|---|---|
| Friday, October 23, 2026 | Parties exchange preliminary witness lists identifying each witness, and the issue(s) from ECF No. 77 on which the witness is expected to testify. |
| Wednesday, October 28, 2026 | Parties exchange exhibit lists, copies of all proposed exhibits, final witness lists indicating whether live witnesses will appear in person or via Zoom, and proposed stipulations of fact. |
| Friday, October 30, 2026 | Parties identify whether any proposed exhibits will be objected to, and the parties' position on proposed stipulations of fact. |
| Monday, November 2, 2026 | Parties meet and confer to discuss objections to exhibits, preparation of joint exhibits, and stipulations of fact. The Parties expect that proposed exhibits to which there is no objection will be designated as a "joint exhibit" even though it may only be offered by one Party. |
| Thursday, November 5, 2026 | Parties file:<br>(a) joint stipulations of fact;<br>(b) a list of joint exhibits (labeled JE-A, JE-B, etc);<br>(c) separate exhibit lists identifying exhibits to which the other Party objects (labeled P-A, P-B, etc. and D-1, D-2, etc. for Plaintiff and Defendants, respectively); and<br>(d) final witness lists. |
| Monday, November 9, 2026 | Parties deliver hard-copy exhibits to Chambers.<br><br>The parties shall use three-ring tabbed notebooks for their exhibits and submit 3 copies to the Court. |
| Tuesday, November 10, 2026 | Evidentiary hearing, in person, beginning at 9:00 a.m. |

## III. WITNESSES

All witness testimony **SHALL** be presented live either in-person or via Zoom.

## IV. STIPULATIONS AND AGREED EXHIBITS

The Parties **SHALL** meet and confer in good faith to stipulate to undisputed facts (including the background of the lease, the procedural history, and the status of regulatory filings) and to the authenticity and admissibility of exhibits, so as to narrow the evidence presented at the hearing. Each Party waives any objection to the authenticity of exhibits on the joint list of agreed exhibits, and such exhibits will be deemed authentic and admitted without the need for a sponsoring or foundation witness; provided, however, that each Party expressly reserves all objections to the use of any such exhibit for a particular purpose (e.g., relevance, improper impeachment, etc.).

## V. OPENING AND CLOSING STATEMENTS

By agreement of the Parties, there **SHALL** be no opening statements. Each Party may present a closing statement, not to exceed 15 minutes. Time spent on closing statements will not count against the evidence-presentation time allotted in Section VII.

## VI. ORDER OF PRESENTATION

The evidentiary hearing shall proceed as follows: (1) Plaintiff's case; (2) Defendants' case; (3) Plaintiff's rebuttal, if any, limited to matters raised in Defendants' case; and (4) closing statements, in the same order.

To accommodate witness availability, the Parties may by agreement call witnesses out of order and agree to work together in good faith to accommodate witness scheduling. To avoid the need to re-call witnesses, each witness shall be called once, except as appropriate in Plaintiff's rebuttal (limited to matters raised in Defendants' case), with cross-examination being allowed to

exceed the scope of the direct examination.

## VII. TIME ALLOTTED TO EACH SIDE

Each Party **SHALL** be allotted a total of 2.5 hours to present evidence, inclusive of direct, cross, redirect, and rebuttal examination of all witnesses, with time charged to the side conducting the examination (a "chess clock" approach). The Court retains discretion to deviate from the allotment for good cause.

## VIII. TRANSCRIPTION

The hearing **SHALL** be transcribed by the official court reporter. The Parties **SHALL** share equally the cost of the original transcript, with each party to bear the cost of its own copies.

## IX. POST-HEARING BRIEFS

The Court may request post-hearing briefs either at or after the hearing.

## X. ADDITIONAL LOGISTICS

The Parties **SHALL** file their November 5, 2026, submissions on the docket.

The Parties may bring laptops to the hearing. The Court will email the Parties about the courtroom's technology for presenting evidence. The Parties **SHALL** coordinate with the Courtroom Deputy for a technology check before the hearing.

To the extent any exhibit contains resident protected health information or other confidential information, the Parties will redact it or submit it under the procedures for filing under seal.

**IT IS SO ORDERED.**

*<u>/s/ S. Courter M. Shimeall</u>*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**